[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S POST-VERDICT MOTIONS
The court, upon oral argument and briefing, is persuaded that the jury has not appropriately understood or complied with the court's charge.
The award of $14,637.28 in economic damages (past medical costs) is, of course, inconsistent with a possibility that plaintiff suffered nothing at all.
Said economic damages do not merely represent an uninjured plaintiff being deemed to be entitled to "get checked out," as one sees occasionally in cases where early expenses, even if substantial, were primarily diagnostic.
Plaintiff's counsel probably correctly concluded at oral argument on this motion that the jury did not follow the instructions of the court if it intended to respond in a lukewarm way on both economic and non-economic damages.
The court concludes that $8,500 is an appropriate figure for non-economic damages. This amount would, had the jury awarded it, have placed the verdict at a level invulnerable to attack from either side and moved it away from being deemed a shock to the conscience of the court.
Additionally, such a figure has, the additional benefit of likely comporting with what the jury may have inartfully sought to express.
Therefore, pursuant to C.G.S. 52-216a, the court having found the jury's verdict inadequate as a matter of law, orders an additur (to the zero non-economic damage award) of $8,500.
If defendant elects not to submit to the additur by a response (which is due July 15, 2002), then a new trial will be ordered.
Nadeau, J.